IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 23-029-2 |
| RODNEY WHITING | |

**O R D E R**

**AND NOW**, this 16th day of May, 2025, upon consideration of Defendant Rodney Whiting's Motion to Dismiss the Grand Jury Indictment (ECF No. 45), and the United States' Response in Opposition thereto (ECF No. 55), it is **HEREBY ORDERED** that Defendant's Motion is **DENIED**.[1]

BY THE COURT:

S/ WENDY BEETLESTONE
_____
**WENDY BEETLESTONE, J.**

---

[1] Defendant Rodney Whiting moves to dismiss the Grand Jury's January 25, 2023, indictment charging him with violations of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii), and 1951(a). A district court may dismiss an indictment due to errors in grand jury proceedings, but only when "such errors prejudiced the defendant[]." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988). Under this standard, barring certain "fundamental" issues "in which the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair," dismissal of a grand jury indictment is appropriate only where an error "substantially influenced the grand jury's decision to indict" or where there is "grave doubt that the decision to indict was free from the substantial influence of such [errors]." *Id.* at 256 (cleaned up).

Here, Whiting seeks dismissal of the January 25, 2023, indictment due to the presentation of technically false testimony concerning what he had told police during an interrogation. Specifically, Whiting takes issue with the Government's examination of an FBI agent familiar with the case, who testified that Whiting had denied knowing his former codefendant "DaJuan Dantzler"—when he had denied knowing "*John* Dantzler," a false alias given to police by Dantzler. According to Whiting, "when the jurors were told that Whiting said he did not know [DaJuan] Dantzler, the Grand Jurors could only conclude from the testimony was that Whiting had lied to the investigating detective, when it was evident from the interview that he had not." The conclusion "that Whiting had lied in his interview," he argues, "had to have substantially influenced [the Grand Jurors'] decision to indict."

Although the testimony elicited by the Government was technically false, Whiting has neither argued that this error

rendered the proceedings "fundamentally unfair," nor demonstrated that this error actually prejudiced him. *See Bank of Nova Scotia*, 487 U.S. at 254, 256. On the contrary, the error was harmless because the Grand Jury was presented with sufficient evidence to find probable cause that Whiting had committed the crimes charged—namely, robbing a Dollar General store in Philadelphia. The Grand Jury heard evidence: that Whiting provided the same home address to police as the address given by Dantzler, who was caught holding stolen cash and a gun in the minutes after the robbery in question; that Whiting's cellphone contained a photograph of the same handgun that was recovered from Dantzler, and which was alleged to have been used in the robbery; that Whiting's cell phone location data put him in the area of the store that was robbed at the time of the robbery, even though he told police that he had been riding the train back to the area from across town; that Whiting's internet browser history included a search for "Family Dollar robbery" six days before the robbery charged, which took place at a Dollar General store; that Whiting's cellphone call-log showed that codefendant Lance Ryan attempted to call Whiting three times immediately after the robbery when Whiting was stopped by police; and, that Whiting was wearing distinctive multi-colored sneakers at the time of his arrest that matched those worn by one of the robbers seen on surveillance video. Given this evidence, Whiting's argument that the Grand Jury's indictment hinged on its mistaken perception that he had lied to police rings hollow.

Separately, it is worth mentioning that Whiting's Motion to Dismiss makes no mention of the fact that on June 21, 2023, a different Grand Jury—which did not hear the false testimony—returned a Superseding Indictment against him that incorporated the charges levied in the original January 25, 2023, Indictment. Because "the government may elect to proceed on any pending indictment, whether it is the most recently returned superseding indictment or a prior indictment," the Government's case against him could proceed even if the original Indictment were dismissed as he requests it to be. *United States v. Hickey*, 580 F.3d 922, 929-30 (9th Cir. 2009); *see also United States v. Bunty*, 617 F. Supp.2d 359, 367 (E.D. Pa. 2008) ("Even assuming *arguendo* that the prosecution improperly obtained and utilized certain evidence before the first grand jury, Defendant has failed to set forth any prejudice that resulted at the second grand jury proceeding. Accordingly, dismissal of the Superseding Indictment on this basis would be inappropriate.").